UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATIONAL PRODUCTS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SAMSON MANUFACTURING CORP.,<br><br>Defendant. | Case No. 2:15-cv-01889<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff National Products, Inc. ("NPI") brings this action against Defendant Samson Manufacturing Corporation ("Defendant" or "Samson") for an injunction, damages, and other appropriate relief to stop Defendant from violating NPI's trademark rights. NPI states and alleges as follows:

## THE PARTIES

1. NPI is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at 8410 Dallas Ave S., Seattle, Washington 98108.

2. On information and belief, Defendant Samson is a corporation organized and existing under the laws of the State of New Hampshire, having its principal place of business at 4 Forge Street, Keene, New Hampshire 03431.

COMPLAINT - 1 -
Case No. 2:15-cv-01889

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE  206.389.4510
FACSIMILE   206.389.4511

## JURISDICTION AND VENUE

3.  In this action, NPI alleges that Defendant has engaged in (1) Trademark Infringement, 15 U.S.C. § 1114; (2) Unfair Competition and False Designation of Origin, 15 U.S.C. § 1125(a); (3) Trademark Dilution, 15 U.S.C. § 1125(c); (4) Trademark Infringement under Washington common law; (5) Unfair Business Practices, RCW 19.86 *et seq.*; (6) Unfair Competition under Washington common law; and (7) Unjust Enrichment under Washington common law.

4.  This Court has original subject matter jurisdiction pursuant to 15 U.S.C. §§ 1114, 1121, and 1125, and 28 U.S.C §§ 1331 and 1338(a) and (b). NPI also asserts claims under Washington law, which are so related to the federal question claims that they are part of the same case and controversy, and therefore fall within the scope of this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

5.  This court has personal jurisdiction over Defendant because Defendant has engaged in business activities in and directed to this judicial district and the State of Washington and has committed the tortious acts complained of in this judicial district and the State of Washington. Upon information and belief, Defendant is a manufacturer, marketer, distributor, and retailer of mounts for firearms that violate NPI's trademark rights. Upon information and belief, Defendant sells its infringing products directly through its website to the public throughout the United States, including this judicial district, and distributes its infringing products to retailers throughout the United States, including Washington State and this judicial district.

6.  Venue in this judicial district is proper under 28 U.S.C. § 1391(b).

## NPI'S BUSINESS AND TRADEMARKS

7.  NPI was founded by Jeff Carnevali in Seattle in 1992 and is in the business of manufacturing and selling, among other things, mounting systems and device mounting

COMPLAINT - 2 -
Case No. 2:15-cv-01889

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

solutions including its highly successful product line of RAM Mounting Systems. RAM brand mounts were first introduced in 1992. The most innovative product line of its kind, RAM continues to evolve into one of the most sought after brand of mounts for devices for a wide variety of uses. For over two decades, RAM brand products have received wide acclaim in the industry and consumer press and have established an industry-wide reputation for innovation, quality, and performance. RAM brand products are manufactured in Seattle, Washington and have become an essential mounting component for a wide variety of applications including rugged vehicle, industrial, military and defense, guns, fishing, photography, aviation, and material handling as well as any application requiring a robust mounting solution. RAM brand mounts were even used on the space shuttle.

8. NPI has received accolades and awards from such diverse institutions as General Motors ("GM") Design, Specialty Equipment Market Association ("SEMA"), and the Consumer Technology Association for its RAM brand products, and has been discussed in the press since 1994. In the past 23 years, NPI has sold approximately 55 million RAM products.

9. NPI has been active in the gun industry for over 20 years, working with commercial as well as military and defense groups. During this time, NPI has continued to sell gun mounts with the RAM trademark.

10. NPI has exhibited its RAM brand products at the annual Shooting, Hunting and Outdoor Trade Show ("SHOT Show") and Conference for the firearms, ammunition, hunting and shooting accessories industry since at least 1999. NPI was an exhibitor at the 2015 SHOT Show, and will be an exhibitor at the 2016 SHOT Show on January 19–22, 2016 in Las Vegas, Nevada.

//
//
//
//

COMPLAINT - 3 -
Case No. 2:15-cv-01889

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

1   11.     NPI's trademarks associated with its RAM brand products include, but are not limited to, RAM, RAM MOUNTS, and the RAM logo shown below (collectively, the "RAM Marks").



12.     NPI owns the following U.S. trademark registrations for its RAM Marks:

| Mark | Reg. No. | Reg. Date | Goods & Services |
| --- | --- | --- | --- |
| RAM | 2,629,952 | 10/08/2002 | Universal mounting linkages comprising a base and gasket, a ball and arm with socket, bolts, springs, washers and threaded tightening knob, made primarily of metal, to be used with a variety of custom components to mount a wide variety of items from electronic devices to fishing rod holders.<br><br>Universal mounting linkages comprising a base and gasket, a ball and arm with socket, bolts, springs, washers and threaded tightening knob, made primarily of non-metal, to be used with a variety of custom components to mount a wide variety of items from electronic devices to fishing rod holders. |

COMPLAINT
Case No. 2:15-cv-01889
- 4 -
FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

| | | | |
|---|---|---|---|
| RAM MOUNTS | 3,167,734 | 11/07/2006 | Non-metal Universal mounting linkages comprising a base, a ball and arm with socket, bolts, springs, washers and threaded tightening knob, to be used with a variety of custom components to mount a wide variety of items from electronic appliances to fishing rods. |
| (RAM design) | 2,369,763 | 07/25/2000 | Universal mounting linkages comprising a base and gasket, a ball and arm with socket, bolts, springs, washers and threaded tightening knob, made primarily of metal, to be used with a variety of custom components to mount a wide variety of items from electronic appliances to fishing rods. Universal mounting linkages comprising a base and gasket, a ball and arm with socket, bolts, springs, washers and threaded tightening knob, made primarily of non-metal, to be used with a variety of custom components to mount a wide variety of items from electronic appliances to fishing rods. |

13.  Since 1995, NPI has continuously and exclusively used the RAM mark in commerce in association with its RAM brand products. Since 1997, NPI has continuously and exclusively used the RAM MOUNTS mark in commerce in association with its RAM brand products. NPI has continuously and exclusively used the RAM design mark in commerce in association with its RAM brand products since 1992.

14.  NPI owns the domain names RAMMOUNT.COM, RAM-MOUNT.BIZ, RAM-MOUNT.COM, RAM-MOUNT.ES, RAM-MOUNT.EU, RAM-MOUNTS.INFO,

COMPLAINT
Case No. 2:15-cv-01889
- 5 -
FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

RAM-MOUNTS.NEWS, RAM-MOUNTS.ORG, RAM-MOUNTS.US, RAM-POD.COM, RAMARMOR.COM, RAMARMOUR.COM, RAMCONSOLE.COM, RAMGADGET.COM, RAMGADGETMOUNT.COM, RAMGADGETS.COM, RAMLAPTOPMOUNT.COM, RAMMOUNT.BIZ, RAMMOUNT.BZ, RAMMOUNT.CA, RAMMOUNT.CO, RAMMOUNT.EU, RAMMOUNT.GURU, RAMMOUNT.MOBI, RAMMOUNT.MX, RAMMOUNT.NET, RAMMOUNT.ORG, RAMMOUNT.US, RAMMOUNTING.INFO, RAMMOUNTING.SOLUTIONS, RAMMOUNTING.SYSTEMS, RAMMOUNTS.BIZ, RAMMOUNTS.BZ, RAMMOUNTS.CO, RAMMOUNTS.GURU, RAMMOUNTS.MOBI, RAMMOUNTS.MX, RAMMOUNTS.US, RAMPOD1.COM, RAMPOD3.COM, RAMSEATMATE.COM, and RAMTUBE.COMAND, and markets and sells RAM brand products, including RAM gun mounts, through RAMMOUNT.COM in association with the RAM Marks.

15. By virtue of NPI's widespread and continuous use of its RAM Marks, NPI has established extensive common law rights in the RAM Marks.

16. NPI, through its extensive use and promotion of the goods provided under its RAM Marks, has developed valuable goodwill in its RAM Marks.

17. As a result of NPI's innovative RAM brand products, their widespread use, and their popularity in both the general consuming populous and specialist industries, NPI's RAM Marks are famous and well known to consumers.

**DEFENDANT'S UNLAWFUL ACTIONS**

18. On information and belief, Defendant Samson has been marketing, distributing, and selling mounts using NPI's RAM Marks, including but not limited to Samson's "RAM BASE" line of mounts, including but not limited to Aimpoint H1/RAM Package (AIM-200026-RAM-T1-M4), Aimpoint H1/Samson PRO Mount Package (AIM-

COMPLAINT - 6 -
Case No. 2:15-cv-01889

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

200026-PRO-RAM-T1-M4), DMR Scope Mount 1" Rings 0" Offset (DMR1-0), DMR Scope Mount 1" Rings 0" Offset (20MOA Bias) (DMR-1-0-20MOA), DMR Scope Mount 1" Rings 2" Offset (DMR1-2), DMR Scope Mount 1" Rings 2" Offset (DMR1-2-20MOA), DMR Scope Mount 1" Rings 3" Offset (DMR1-3), DMR Scope Mount 1" Rings 3" Offset (20MOA Bias) (DMR1-3-20MOA), DMR Scope Mount 30mm Rings 0" Offset (DMR30-0), DMR Scope Mount 30mm Rings 0" Offset (20MOA Bias) (DMR30-0-20MOA), DMR Scope Mount 30mm Rings 0" Offset (DMR30-0), DMR Scope Mount 30mm Rings 0" Offset (20MOA Bias) (DMR30-0-20MOA), DMR Scope Mount 30mm Rings 2" Offset (DMR30-2), DMR Scope Mount 30mm Rings 2" Offset (20MOA Bias) (DMR30-2-20MOA), DMR Scope Mount 34mm Rings 0" Offset (DMR34-0), DMR Scope Mount 34mm Rings 2" Offset (DMR34-2), DMR Scope Mount 34mm Rings 2" Offset (20MOA Bias) (DMR34-2-20MOA), DMR Scope Mount 35mm Rings 0" Offset (DMR35-0), DMR Scope Mount 35mm Rings 0" Offset (20MOA Bias) (DMR35-0-20MOA), DMR Scope Mount 35mm Rings 2" Offset (DMR35-2), DMR Scope Mount 35mm Rings 2" Offset (20MOA Bias) (DMR35-2-20MOA), DMR Scope Mount 35mm Rings 3" Offset (DMR35-3), DMR Scope Mount 35mm Rings 3" Offset (20MOA Bias) (DMR35-3-20MOA), Micro Reflex Mount (Burris Fastfire Hole Pattern) (RAM-MR2), Micro Reflex Mount (RMR Hole Pattern) (RAM-MR1), Quick Release Accessory Mount (RAM), RAM 30MM Quick Flip Optic Ring (RAM-30MM), RAM Aimpoint Comp M2/M3/M4 Base (perfect co-witness) (RAM-Comp-M4), RAM Aimpoint T1 Base (1.53") (RAM-T1-1-53), RAM Base for Trijicon ACOG (RAM-ACOG), RAM Base w/ Flip to Side (RAM-3XM), RAM Flip ti Side Mount for Aimpoint 3XMag (Comp M2/M3) (RAM-3XM-Standard), RAM Flip to Side Mount for Aimpoint 3XMag (perfect co-witness) (RAM-3XM-M4), RAM Flip to Side Mount for MVM14 (RAM-MVM14), RAM Flip to Side Mount for N/SEAS (RAM-N-SEAS), RAM Flip to Side Mount for PVS14 (RAM-PVS14), RAM Flip to Side Mount for PVS14 & Aimpoint 3XMag (RAM-PVS14-AIM), RAM Flip to Side Mount for PVS14 & Eotech G32 (RAM-PVS14-EO), RAM Aimpoint Comp M2/M3/M4

COMPLAINT - 7 -
Case No. 2:15-cv-01889

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

Offset Base (Bottom 1/3 co-witness) (RAM-COMP-B3-OFF), RAM Aimpoint Comp M2/M3/M4 Offset Base (HK Height) (RAM-COMP-HK-OFF), RAM Aimpoint Comp M2/M3/M4 Offset Base (perfect co-witness) (RAM-Comp-M4-OFF), RAM Aimpoint T1 Base (1.40") (RAM-T1-1-40), RAM Aimpoint T1 Base (1.72") (RAM-T1-1-72), RAM Thermal Flip-to-Side Base (L3 CNVD-T Thermal Rifle Scope) (RAM-TH-FTS), and Samson PRO Aimpoint T1 Quick Release Mount (1.53") (PRO-RAM-T1-1-53) (collectively "Samson Infringing Mount Devices"), in willful effort to deceive consumers and wrongfully exploit the fame and goodwill in the RAM Marks.

19. On information and belief, Defendant sells Samson Infringing Mount Devices from its website and at trade shows to consumers throughout the United States, including this district and the State of Washington. Defendant was an exhibitor, along with NPI, at the 2015 SHOT Show, and is listed as an exhibitor for the 2016 SHOT Show. The 2015 SHOT Show Exhibitor List is attached as **Exhibit A**, and the 2016 SHOT Show Exhibitor List is attached as **Exhibit B**.

20. On information and belief, Defendant also distributes its Samson Infringing Mount Devices to retailers for sale throughout the United States, including this district and the State of Washington.

21. On information and belief, Defendant has not only copied the RAM mark, but has adopted a logo (shown in Figure 1) that is confusingly similar to NPI's RAM logo.

 

NPI                                    Samson

FIGURE 1

22. On information and belief, Defendant filed an application with the United States Patent and Trademark Office ("PTO") on January 19, 2015, assigned U.S. Application Serial No. 86506914, for registration of the mark SAMSON RAM for, inter alia, "gun mounts." Defendant claimed in that application that the first use of SAMSON RAM in commerce was January 15, 2013.

23. Defendant's use of the RAM or SAMSON RAM mark and logo and the "RAM BASE" product line name in connection with the Samson Infringing Mount Devices has caused or is likely to cause confusion, mistake, or deception and create the erroneous impression that NPI and its RAM brand products are affiliated, connected, or associated with Defendant.

24. By maintaining the RAM or SAMSON RAM mark and logo and "RAM BASE" product line name in connection with the Samson Infringing Mount Devices, Defendant has commenced use of a mark in commerce that has caused or is likely to cause dilution by blurring or dilution by tarnishment of the famous and distinctive RAM Marks. Defendant first used the RAM or SAMSON RAM mark after NPI's RAM Marks had become famous.

25. Defendant's actions, which were intentional and without NPI's permission, began after the RAM Marks had become famous and distinctive. Defendant has damaged NPI and consumers by its misconduct.

26. Defendant's use of the RAM or SAMSON RAM mark and logo and the "RAM BASE" product line name, including in connection with the Samson Infringing Mount Devices, deprives NPI of the ability to control and maintain the high quality of goods under the RAM Marks.

27. On information and belief, Defendant's use of the RAM or SAMSON RAM mark and logo and the "RAM BASE" product line name has caused and will continue to

COMPLAINT - 9 -
Case No. 2:15-cv-01889

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

1  cause a likelihood of confusion among the public by causing individuals to attribute
2  incorrectly the quality and content of Defendant's offerings to NPI.

3  28. Defendant's use of the RAM or SAMSON RAM mark and logo and the "RAM
4  BASE" product line name has caused and is continuing to cause irreparable injury to NPI and
5  its reputation and goodwill, and unless enjoined will cause further irreparable injury from
6  which NPI has no adequate remedy at law.

7  29. NPI seeks damages and injunctive relief preventing Defendant from using the
8  RAM or SAMSON RAM mark and logo and the "RAM BASE" product line name without
9  authorization.

**FIRST CLAIM FOR RELIEF**
**(Federal Trademark Infringement under 15 U.S.C. § 1114)**

30. NPI realleges and incorporates by this reference herein each and every allegation set forth in paragraphs 1 through 29 above.

31. NPI owns all rights, title, and interests in and to, and holds the first, superior, and exclusive rights to use the mark identified on the PTO Principle Register under Registration No. 2629952.

32. NPI owns all rights, title, and interests in and to, and holds the first, superior, and exclusive rights to use the mark identified on the PTO Principle Register under Registration No. 3167734.

33. NPI owns all rights, title, and interests in and to, and holds the first, superior, and exclusive rights to use the mark identified on the PTO Principle Register under Registration No. 2369763.

34. Defendant's use of NPI's registered trademarks, or of confusingly similar variations thereof, is likely to cause confusion, or mistake, or to deceive others into believing that Defendant's products are manufactured, offered, sponsored, authorized, licensed, of similar quality to, or otherwise connected or affiliated with NPI.

COMPLAINT - 10 - FENWICK & WEST LLP
Case No. 2:15-cv-01889
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

35. Defendant either had actual notice and knowledge, or had constructive notice by the PTO's placement of the marks on the Principal Register and NPI's notice of ® with the marks on NPI's RAM Mounts website prior to Defendant's adoption and use of NPI's registered trademarks.

36. On information and belief, Defendant's acts are deliberate and intended to confuse the public as to the source of the Samson Infringing Mount Devices, to injure NPI, and to reap the benefits of NPI's goodwill associated with NPI's trademarks.

37. As a direct and proximate result of Defendant's willful and unlawful conduct, Defendant has damaged and will continue to damage NPI's business, market, reputation, and goodwill, and may discourage current and potential customers from dealing with NPI. Such irreparable damage will continue unless Defendant is enjoined from infringing NPI's registered trademarks.

38. Defendant's acts have damaged and will continue to damage NPI, and NPI has no adequate remedy at law.

39. In light of the foregoing, NPI is entitled to injunctive relief prohibiting Defendant from using NPI's trademarks or any trademarks confusingly similar thereto for any purpose, and to recover from Defendant all damages that NPI has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Plaintiff as a result thereof, in an amount not yet known well, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a) and attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b).

40. Pursuant to 15 U.S.C. § 1118, NPI also asks the Court for an order forcing Defendant to deliver up for destruction all products, labels, signs, prints, advertisements, and other articles in Defendant's possession that infringe upon NPI's rights.

//

//

//

COMPLAINT
Case No. 2:15-cv-01889
- 11 -
FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

## SECOND CLAIM FOR RELIEF
(**Federal Unfair Competition and False Designation of Origin under 15 U.S.C. § 1125(a)**)

41. NPI realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 40 above.

42. NPI's distinctive trademarks are a designation of origin that identifies NPI as the exclusive source of the RAM brand mounts, and distinguishes NPI's goods from the goods of others in the marketplace.

43. Defendant's use of NPI's trademarks in association with its goods constitutes false designation of origin and/or false or misleading representation. Defendant's use of an identical or confusingly similar variation of NPI's trademarks is likely to cause confusion, or mistake, or to deceive others into believing that Defendant's products are manufactured, offered, sponsored, authorized, licensed, of similar quality to, or otherwise connected or affiliated with NPI.

44. Such false designation of origin and or representation constitutes unfair competition and is an infringement of NPI's rights in its trademarks in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45. Defendant either had actual notice and knowledge, or had constructive notice by the PTO's placement of the marks on the Principal Register and NPI's notice of ® with the marks on NPI's RAM Mounts website prior to Defendant's adoption and use of NPI's registered trademarks.

46. On information and belief, Defendant's acts are deliberate and intended to confuse the public as to the source of the Samson Infringing Mount Devices, to injure NPI, and to reap the benefits of NPI's goodwill associated with NPI's trademarks.

47. As a direct and proximate result of Defendant's willful and unlawful conduct, Defendant has damaged and will continue to damage NPI's business, market, reputation, and

COMPLAINT - 12 -
Case No. 2:15-cv-01889

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

goodwill, and may discourage current and potential customers from dealing with NPI. Such irreparable damage will continue unless Defendant is enjoined from infringing NPI's registered trademarks.

48. Defendant's acts have damaged and will continue to damage NPI, and NPI has no adequate remedy at law.

49. In light of the foregoing, NPI is entitled to injunctive relief prohibiting Defendant from using NPI's trademarks or any trademarks confusingly similar thereto for any purpose, and to recover from Defendant all damages that NPI has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Plaintiff as a result thereof, in an amount not yet known well, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a) and attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b).

50. Pursuant to 15 U.S.C. § 1118, NPI also asks the Court for an order forcing Defendant to deliver up for destruction all products, labels, signs, prints, advertisements, and other articles in Defendant's possession that infringe upon NPI's rights.

### THIRD CLAIM FOR RELIEF
**(Federal Trademark Dilution under 15 U.S.C. § 1125(c))**

51. NPI realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 50 above.

52. Defendant, through the conduct described above, has commenced use of a mark in commerce that has caused or is likely to cause dilution by blurring and/or dilution by tarnishment of the famous and distinctive RAM Marks in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

53. On information and belief, Defendant did not use the diluting mark in commerce until after October 6, 2006.

COMPLAINT - 13 -
Case No. 2:15-cv-01889

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

54. On information and belief, Defendant's acts are willful and intended to confuse the public as to the source of the Samson Infringing Mount Devices, to injure NPI, and to reap the benefits of NPI's goodwill associated with the NPI's registered trademarks.

55. As a direct and proximate result of Defendant's willful and unlawful conduct, Defendant has damaged and will continue to damage NPI's business, market, reputation, and goodwill, and may discourage current and potential customers from dealing with NPI. Such irreparable damage will continue unless Defendant is enjoined from infringing NPI's registered trademarks.

56. Defendant's acts have damaged and will continue to damage NPI, and NPI has no adequate remedy at law.

57. In light of the foregoing, NPI is entitled to injunctive relief prohibiting Defendant from using NPI's trademarks or any trademarks confusingly similar thereto for any purpose, and to recover from Defendant all damages that NPI has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Plaintiff as a result thereof, in an amount not yet known well, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a) and attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b).

58. Pursuant to 15 U.S.C. § 1118, NPI also asks the Court for an order forcing Defendant to deliver up for destruction all products, labels, signs, prints, advertisements, and other articles in Defendant's possession that infringe upon NPI's rights.

**FOURTH CLAIM FOR RELIEF**
**(Washington Common Law Trademark Infringement)**

59. NPI realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 58 above.

60. Defendant has used NPI's RAM Marks or confusingly similar variations thereof in a manner that tends to confuse, in the public mind, NPI's products with others.

COMPLAINT - 14 -
Case No. 2:15-cv-01889

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

61. Defendant's acts, as above alleged, constitute infringement of NPI's trademark rights in violation of the common law.

62. NP has been and continues to be damaged in a manner that cannot be fully measured or compensated in economic terms and for which there is no adequate remedy at law. Defendant's acts have damaged and will continue to damage NPI's market, reputation, and goodwill.

63. NPI has been damaged by Defendant's actions in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF
### (Unfair Business Practices — RCW 19.86 *et seq.*)

64. NPI realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 63 above.

65. Defendant's use of NPI's trademarks to promote, market, or sell products in Washington constitutes an unfair business practice pursuant to RCW 19.86 *et seq*. Defendant's use of NPI's trademarks is an unfair or deceptive practice occurring in trade or commerce that impacts the public interest and has caused injury to NPI.

66. Defendant's actions violate RCW 19.86 *et seq.*

## SIXTH CLAIM FOR RELIEF
### (Washington Common Law Unfair Competition)

67. NPI realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 66 above.

68. Defendant has used NPI's RAM Marks or confusingly similar variations thereof in a manner that tends to confuse, in the public mind, NPI's products and/or advertising with the products and/or advertising of others.

COMPLAINT - 15 -
Case No. 2:15-cv-01889

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

69. The acts of Defendant complained of herein constitute unfair competition in violation of Washington common law.

### SEVENTH CLAIM FOR RELIEF
**(Washington Common Law Unjust Enrichment)**

70. NPI realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 69 above.

71. The acts of Defendant complained of herein constitute unjust enrichment of Defendant at NPI's expense in violation of Washington common law.

### PRAYER FOR RELIEF

WHEREFORE, NPI respectfully requests that the Court enter judgment against Defendant as follows:

a. That the Court issue preliminary and permanent injunctive relief against Defendant, and that Defendant, its officers, agents, representatives, servants, employees, attorneys, successors and assignees, and all others in active concert or participation with Defendant, be enjoined and restrained from using the RAM or SAMSON RAM mark and logo and the "RAM BASE" product line name, or any mark that is confusingly similar to or a colorable imitation of the RAM Marks, including all marks identified by this Complaint, on any website, in Defendant's advertising or promotional materials, in connection with the sale of its goods or services, or in any other fashion, without the express written permission of NPI;

b. That the Court find Defendant's acts complained of herein unlawful as constituting unfair competition, false designation of origin, trademark infringement, trademark dilution, and unjust enrichment under the causes of action asserted in this Complaint;

COMPLAINT - 16 -
Case No. 2:15-cv-01889

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

      c.      That the Court require that Defendant deliver up for destruction all products, labels, signs, prints, advertisements, and other articles that infringe NPI's statutory and common law trademark rights, or are a result of any false designation of origin or unfair competition by Defendant;

      d.      That the Court order an accounting of all gains, profits and advantages derived from Defendant's wrongful acts;

      e.      That the Court award NPI all gains, profits, and advantages derived by Defendant for its unlawful acts;

      f.      That the Court award NPI all damages caused by Defendant's unlawful acts;

      g.      That the Court award NPI treble damages as provided by law;

      h.      That the Court award NPI its attorneys' fees and costs incurred herein, including prejudgment and post-judgment interest; and

      i.      That the Court grant NPI all other relief to which it is entitled and such other or additional relief as is just and proper.

## DEMAND FOR JURY TRIAL

NPI hereby demands a trial by jury of all issues so triable.

//

//

//

//

//

//

//

//

//

COMPLAINT - 17 -
Case No. 2:15-cv-01889

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

|   |   |   |
|---|---|---|
| | | NATIONAL PRODUCTS, INC. |
| | | By its attorneys, |
| | Dated: December 2, 2015 | FENWICK & WEST LLP |

By: s/*David K. Tellekson*
David K. Tellekson (WSBA No. 33523)
By: s/*Elizabeth B. Hagan*
Elizabeth B. Hagan (WSBA No. 46933)

1191 Second Avenue, 10th Floor
Seattle, WA 98101
Telephone:   206.389.4510
Facsimile:   206.389.4511
Email:   dtellekson@fenwick.com
    ehagan@fenwick.com

*Attorneys for Plaintiff
National Products, Inc.*

COMPLAINT
Case No. 2:15-cv-01889

- 18 -

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511